UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APOTEX, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01377-LJO-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. #19) |

Plaintiff Kevin Bryant ("Plaintiff") seeks an order remanding the action to Kern County Superior Court. (Doc. 19). Plaintiff argues that because there is a related case within the state court system, this Court should decline jurisdiction in this case. Defendant Apotex, Inc., opposes the motion and asserts the Court is vested with diversity jurisdiction. (Doc. 20).

The Court has read and considered the arguments presented and for the reasons set forth below, Plaintiff's motion to remand is **DENIED**.

**I.     Factual and Procedural Background**

Plaintiff filed an action in Kern County Superior Court against the California Department of Corrections and Rehabilitation ("CDCR") and several of its employees on December 22, 2010. (Doc. 19 at 4). Plaintiff alleged "medical and professional negligence, deliberate indifference to his serious medical needs and fraud" for administering Gabapentin and Tramadol in crushed form, which Plaintiff argued caused "severe pain, esophagus damage and internal bleeding." *Id*. The court granted the

defendants' motion for summary judgment on June 28, 2012. *Id.* Plaintiff asserts that he "is now appealing" this determination to the Fifth District Court of Appeal but review of the docket of that court does not reveal an active case for Plaintiff.[1] *Id.*

On May 9, 2012, Plaintiff initiated this action in the Kern County Superior Court. (Doc. 1, Exh. A). Plaintiff asserts Apotex, Inc., Actavis Elizabeth, LLC, Teva Pharmaceuticals USA, American Health Packaging, Mylan Pharmaceuticals, Inc., Mylan Institutional, Inc. and Major Pharmaceuticals, Inc. (collectively, "Defendants") are liable for general negligence, intentional tort, products liability, and fraud for failure to warn about the dangers of administering Gabapentin and Tramadol in crushed form. (Doc. 1 at 2, 14). For these claims, Plaintiff seeks compensatory and punitive damages. *Id.* at 14.

On August 21, 2012, Actavis Elizabeth LLC filed a Notice of Removal, asserting the Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. (Doc. 1). All defendants consented to the removal of the action, thereby satisfying the rule of unanimity. (Doc. 1 at 2); *see also Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (the "rule of unanimity" requires that all defendants must join in a removal petition). The defendant asserted the civil action is between citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* at 3.

Plaintiff filed his motion to remand on October 9, 2012, asserting the Court lacks jurisdiction over the matter. (Doc. 19). Defendant Apotex, Inc. ("Apotex") filed its opposition to the motion on October 22, 2012, asserting the Court has jurisdiction for the reasons set forth by Actavis Elizabeth LLC in the Notice of Removal. (Doc. 20).

**II.     Removal Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286,

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). The Court may remand an action to state court for lack jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c).

**III.     Discussion and Analysis**

    **A.     The Court may exercise jurisdiction of the products liability action.**

Plaintiff seeks remand of the action, asserting the Court "should not exercise jurisdiction over the case because there is "a related underlying action that is still pending in the state appellate court." (Doc. 9 at 5. In support of this argument, Plaintiff contends the Ninth Circuit held "that the district court abused its discretion in asserting jurisdiction over a declaratory judgment action that (1) involved only state law questions of insurance coverage, and (2) was brought during the pendency of a related underlying action." *Id.* (citing *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995); *American Nat'l. Fire Ins. Co. v. Hungerford*, 53 F.3d 1012 (9th Cir. 1995)). Further, Plaintiff asserts: "The general rule requiring federal courts to decline jurisdiction in insurance coverage cases is also applicable to cases originally filed in state court despite the fact that they were not filed pursuant to the Declaratory Judgment Act." *Id.* at 6 (citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996)).

In *Karussos*, the Ninth Circuit explained: "[F]ederal courts should 'decline to assert

jurisdiction **in insurance coverage and other declaratory relief actions** presenting only issues of state law during the pendency of parallel proceedings in state court' unless there are 'circumstances present to warrant an exception to that rule.'" *Id.*, 65 F.3d at 798 (quoting *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1019 (9th Cir. 1995)) (emphasis added).  Likewise, in *Golden Eagle* the Ninth Circuit examined whether the District Court properly exercised removal jurisdiction over an action initiated in the state court that was "plainly one for declaratory relief." *Golden Eagle Ins. Co*, 103 F.3d at 755.  Accordingly, the cases cited by Plaintiff hold the Court should not exercise jurisdiction over actions for declaratory relief where there is a parallel case proceeding in state court.

Here, Plaintiff seeks only compensatory and punitive damages; he does not seek a declaration of rights.  (Doc. 1 at 14).  As Apotex argues, this is a products liability action, "not a declaratory relief action involving insurance coverage issues." (Doc. 20 at 3).  Consequently, the Declaratory Judgment Act is not implicated, and the Court may exercise jurisdiction if the requirements for diversity jurisdiction are satisfied, notwithstanding Plaintiff's appeal in the state action initiated against the CDCR in 2010.

**B.     The Court has diversity jurisdiction over the matter.**

Defendants "bear[] the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 677-67.  Defendants contend the Court has diversity jurisdiction over the matter.  Thus, Defendants must demonstrate the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

*1.     Citizenship of parties*

Actavis Elizabeth LLC and Apotex assert there is complete diversity between the parties. (Doc. 1 at 5-7; Doc. 20 at 4).  Specifically, the defendants note Plaintiff is a resident of California, and a citizen of the state for purposes of diversity jurisdiction.  (Doc. 1 at 5) (citing *See State Farm Mutual Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  In addition, for purposes of the Court's jurisdiction: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c).  Upon review of the Notice of Removal, it appears Actavis Elizabeth LLC is a

4

citizen of Delaware and New Jersey; Apotex, Inc., is a citizen of Canada; Teva Pharmaceuticals USA, Inc., is a citizen of Delaware and Pennsylvania; AmeriSource Health Services Corporation is a citizen of Delaware and Ohio; Mylan Pharmaceuticals, Inc.; is a citizen of West Virginia; Mylan Institutional, Inc., is a citizen of Illinois; and The Harvard Drug Group LLC. (d/b/a Major Pharmaceuticals) is a citizen of Michigan and Delaware.  Because Plaintiff and Defendants are citizens of different states, this prong is satisfied.  *See* 28 U.S.C. § 1332.

### 2. *Amount in controversy*

The Ninth Circuit held a defendant seeking removal "bears the burden of establishing, by a preponderance of the evidence," that the amount in controversy requirement is satisfied "in cases where a plaintiff's state court complaint does not specify a particular amount of damages." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).  Here, Plaintiff's state court complaint does not set forth a specific amount of damages.  (Doc. 1 at 14).  Accordingly, Defendants "must provide evidence establishing it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404.

Defendants assert, "It is apparent on the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest."  (Doc. 1 at 3; Doc. 20 at 4)).  As noted by Apotex, Plaintiff "seeks compensatory damages for injuries and severe pain lasting six months, severe emotional distress, and punitive damages."  (Doc. 20 at 4).  Actavis Elizabeth LLC contends, "California jury verdicts involving similar injuries demonstrate that the amount in controversy is met here."  (Doc. 1 at 4) (citing *Julia Ellis v. Harrah's Entertainment, Inc.*, Case No. CGC-09-492882, 2011 Jury Verdicts LEXIS 202858 (awarding $3.25 million to a plaintiff who asserted she suffered acute esophagitis and esophageal stricture and sought damages for negligence, strict products liability, and breaches of warranties); *Steven DeLeon v. Frank L. Morgan*, Case No. GIC843565, 2006 Jury Verdicts LEXIS 47333 (awarding nearly $900,000 for the plaintiffs' injuries)). Moreover, Plaintiff does not dispute that the amount in controversy is satisfied.  Accordingly, the defendants have carried their burden to demonstrate "it is 'more likely than not' that the amount in controversy" surpasses $75,000.00.  *See Sanchez*, 102 F.3d at 404.

///

## IV.     Conclusion and Order

Plaintiff's assertion that the Court should not exercise jurisdiction over the matter is unavailing, because the Declaratory Judgment Act is inapplicable to this action.  Defendants have carried their burden to demonstrate the diverse citizenship of the parties, and that amount in controversy is satisfied.  *See Gaus*, 980 F.2d at 677-67.

According, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

Dated:    **November 27, 2012**              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE