UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APOTEX, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01377-LJO-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. 52). |

　　　　On May 9, 2012, Plaintiff initiated this action in the Kern County Superior Court. (Doc. 1 at 12). On August 21, 2012, Defendants removed the matter to this Court. (Doc. 1). Presently before this Court is Plaintiff's motion to appoint counsel. (Doc. 52).

　　　　Plaintiff is a California state prisoner proceeding pro se who seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) states that "[t]he court may request an attorney to represent any person unable to afford counsel." However, this section applies to persons proceeding in forma pauperis. *See* Mallard v. United States Dist. Court for Southern Dist., 490 U.S. 296, 298 (1989). Since Plaintiff is not presently proceeding in forma pauperis, the Court lacks statutory authority to appoint counsel to represent Plaintiff.

　　　　Plaintiff is advised that even if he were proceeding in forma pauperis, he would not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court could not require an attorney to represent plaintiff pursuant to 28 U.S.C. §

1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, for those proceeding in forma pauperis, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a reasonable method of securing and compensating counsel, the court would seek volunteer counsel only in the most serious and exceptional cases.  Plaintiff is further advised that his lack of legal training in the law and his inability to find an attorney to accept his case does not make his case exceptional, as this Court is faced with similar cases almost daily.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 6, 2013**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE