UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN D. BRYANT,           ) | Case No.: 1:12-cv-1377 - LJO - JLT | |
| Plaintiff,                 ) | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION | |
| v.                         ) | | |
| APOTEX, INC., et al.,      ) | (Doc. 59) | |
| Defendants.                ) | | |

On February 6, 2013, the Court denied the motion for appointment of counsel filed by Kevin Bryant ("Plaintiff"). (Doc. 55). Plaintiff seeks reconsideration of the Court's order denying his request for representation. (Doc. 59).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden."

1  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations
2  omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the
3  court to reverse its prior decision." Id.

4  Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2)
5  has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an
6  intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d
7  1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly
8  unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party
9  seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to
10  exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the
11  motion" and "why the facts or circumstances were not shown at the time of the prior motion."

12  Plaintiff asserts that since the denial of his request for counsel, he has been transferred to the
13  California Medical Facility because he is suffering from "mental health issues." (Doc. 59 at 1-2).
14  Accordingly, Plaintiff argues the change in circumstances supports reconsideration of the Court's order.
15  Significantly, however, since Plaintiff is not presently proceeding *in forma pauperis*, the Court lacks
16  statutory authority to appoint counsel. See Mallard v. United States Dist. Court for Southern Dist.,
17  490 U.S. 296, 298 (1989). Accordingly, Plaintiff's transfer to the California Medical Facility is not a
18  change in circumstances warranting reconsideration of the Court's order.

19  For the foregoing reasons, **IT IS HEREBY ORDERED**: Plaintiff's motion for reconsideration
20  is **DENIED**.

22  IT IS SO ORDERED.

23  Dated:   **April 25, 2013**             **/s/ Jennifer L. Thurston**
24                                         UNITED STATES MAGISTRATE JUDGE