UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRYANT,<br><br>            Plaintiff,<br><br>    v.<br><br>APOTEX, INC., et al.,<br><br>            Defendants. | Case No.: 1:12-cv-01377 - LJO - JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>(Doc. 56) |

Defendants Apotex, Inc.; Actavis Elizabeth, LLC; Teva Pharmaceuticals USA; American Health Packaging; Mylan Pharmaceuticals, Inc.; Mylan Institutional, Inc.; and Major Pharmaceuticals, Inc. (collectively, "Defendants") seek a stay of the action, pending the resolution of Plaintiff's appeal in a separate state court action. (Doc. 56). Plaintiff Kevin Bryant ("Plaintiff"), who is proceeding *pro se*, filed his opposition to the motion on April 22, 2013 (Doc. 62), to which Defendants replied on April 23, 2013. (Doc. 63). For the following reasons, Defendants' motion for a stay is **GRANTED**.

**I.    Factual and Procedural Background**

Plaintiff initiated an action in Kern County Superior Court against the California Department of Corrections and Rehabilitation ("CDCR") and several of its employees on December 22, 2010.[1] (Doc.

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Court records are sources whose accuracy cannot reasonably be questioned. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978),

56-1 at 1). Plaintiff alleged "medical and professional negligence, deliberate indifference to his serious medical needs and fraud" for administering Gabapentin and Tramadol in crushed form, which Plaintiff argued caused severe pain, esophagus damage and internal bleeding. (Doc. 56-3). The defendants filed a motion for summary judgment, which was granted on August 6, 2012. (Doc. 56-7). The court found the defendants demonstrated there was "no triable issue of fact on the issues of negligence, causation of injury or intentional tortious behavior towards Plaintiff." *Id.* at 2. Plaintiff appealed the entry of summary judgment in *Bryant v. The Superior Court of Kern County,* Case No. f065849, which is currently pending before the Fifth District Court of Appeal.

On May 9, 2012, Plaintiff initiated this action by filing a complaint against Defendants in Kern County Superior Court. (Doc. 1, Exh. A). Plaintiff asserts Defendants, which manufacture and distribute prescription drugs, are liable for general negligence, intentional tort, products liability, and fraud for failure to warn about the dangers of administering gabapentin and tramadol in crushed form. (Doc. 1 at 2, 14). On August 21, 2012, Actavis Elizabeth LLC filed a Notice of Removal, asserting the Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. (Doc. 1). Plaintiff filed a motion to remand the action to Kern County Superior Court (Doc. 19), which was denied by the Court on November 27, 2012. (Doc. 35).

Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on November 28, 2012. (Doc. 39). The Court granted the motion in part and denied it in part on January 30, 2013.[2] (Doc. 54). Notably, in opposing this motion, Plaintiff clarified that the gist of his complaint was not that Defendants failed to warn that gabapentin and tramadol could not be crushed but, instead, that Defendants specifically gave prison officials permission to crush the medications and float them in water when administering them to inmates. (Doc. 54 at 3-4) Plaintiff claimed this permission was given despite its clear contradiction to label warnings which preclude this manner of administration. *Id*. Moreover, Plaintiff claims that having been administered the drugs that

---

*aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Accordingly, judicial notice is taken of the documents filed in Kern County Superior Court, Case No. S-1500-CV-272692.

[2] The Court determined Plaintiff was unable to proceed on his claim for fraud, but all other causes of action remain. *Id.* Though given leave to amend the fraud claim, Plaintiff has failed to do so. *Id*. at 9.

were "crushed and floated," caused him physical injury. (Doc. 1 at 16, 17 ["But for these defendants administering these two drugs to Me this contraindicative way stated above I would not have suffered these damages and injuries resulting therefrom, as there was no other possible cause therefor."])

## II.     Legal Standards

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). For reasons of "wise judicial administration," a district court may stay a federal action based on "the presence of a concurrent state proceeding." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)).

To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55)).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## III.    Discussion and Analysis

Defendants argue "a stay of proceedings is appropriate pending the resolution of Plaintiff's appeal of the summary judgment entered against him the CDCR Case." (Doc. 56-1 at 4). Defendants note Plaintiff alleged the CDCR's policy "of administering gabapentin and tramadol in crushed form caused Plaintiff to suffer injuries, including internal bleeding and hemorrhaging to the esophagus." *Id.*

at 5-6 (emphasis omitted).  Defendants assert "the causation issue decided in the CDCR Case is identical to that presented in this action, because Plaintiff asserts that "as the end result of the Pharmaceutical Defendants' alleged negligent conduct, prison officials administered tramadol and gabapentin in crushed form, thereby causing him to suffer injuries, including internal bleeding and hemorrhaging to the esophagus.  *Id.* at 6 (emphasis omitted).  Because the state court determined Plaintiff failed to demonstrate causation of his injuries, Defendants assert "the collateral estoppel doctrine will preclude Plaintiff's assertion on the essential element of causation" if the appeal is denied by the Fifth District Court of Appeal.  *Id.* at 4.

On the other hand, Plaintiff asserts his appeal "has no bearing on issues and litigation of this case."  (Doc. 62 at 2).  Plaintiff contends "the issues in the prior case were not litigated and decided and the Superior Court gave no statement or opinion why summary judgment was granted."  *Id.*  Further, Plaintiff argues the issues in this Court "are not identical to the issues" in the state court action.  *Id.*  Consequently, Plaintiff asserts: "No stay of these proceedings is warranted in this case, and no matter what happens in that other case these defendants cannot satisfy each of the elements of California's Collateral Estoppel Doctrine."  *Id.* at 3.

The doctrine of collateral estoppel, also known as issue preclusion, "bar[s] relitigation of an issue decided in a previous proceeding."  *Portugal v. Western World Ins.*, 2012 U.S. Dist. LEXIS 119172, 2012 WL 3647850, *4 (E.D. Cal. Aug. 22, 2012).  The doctrine is applicable "if (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding."  *Id.* (quoting *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App.4th 82, 90 (2006).  However, the granting of summary judgment is not final and not entitled to "preclusive effect until appeals [are] exhausted."  *In re Lumbermans Mortgage Co. v. Secured Inv. of Marysville, Ltd.,* 712 F.2d 1334, 1335 (9th Cir. 1983) (citing *People ex. rel. Gow v. Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d 296, 306 (1980).  Accordingly, until the Fifth District Court of Appeals issues a ruling on Plaintiff's appeal, there is no final decision for purposes of collateral estoppel.

The Ninth Circuit has determined a court may "find it efficient for its own docket and the fairest

course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Further, a stay may proper where the independent proceeding is likely "to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay is requested. *Lockyer v. State. of Cal.*, 398 F.3d 1098, 1113 (9th Cir. 2005). In the state court action, the trial court determined Plaintiff failed to counter the defendants' evidence that the administration of gabapentin and tramadol in crushed form did not cause Plaintiff's injuries. (Doc. 56-7 at 2). Thus, the trial court determined there was no triable issue of fact. *Id*.

Though Plaintiff argues Defendants here must demonstrate they were in privity with the defendants in the state court action in order to receive the benefits of the preclusive effect of collateral estoppel, Plaintiff is mistaken. (Doc. 62 at 2) Instead, because Defendants seek to assert collateral estoppel against him, they must show only that he was the same party in the state court action—which, of course, he was—or that he was in privity with the parties in the state court action. Defendants need not be in privity with the parties in the state court action. Moreover, the fact that Defendants have pleaded an affirmative defense in their answers that someone else caused Plaintiff's injuries, does not admit that Plaintiff was injured or that the drugs caused the injury.[3] Such a pleading merely preserves Defendants' ability to take this position if they discover evidence to support this defense.

Finally, Plaintiff ignores that if his appeal is determined adversely to him—and this Court expresses no opinion whether this will occur—he will be precluded from asserting the drugs caused his injury. This is a crucial point because in this event, no matter who administered the drugs, how or why, Plaintiff's case will fail because causation is an element of each of the alleged claims. Thus, even in the face of willful wrongdoing by the defendants, Plaintiff would not be able to succeed in this litigation.[4]

Therefore, the proceedings of the state court action against the CDCR may dictate the decision

---

[3] Despite Plaintiff's contention Defendants admitted the injury was caused by administering the medication in crushed form, the Court does not find that any of the answers admit this. *See* Doc. 67.
[4] Moreover, even if this court disagreed with the state court's findings, it has no authority to review the wisdom of these determinations. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485 (1983).

of this Court, because the issue of causation may not be re-litigated in this Court if the summary judgment is affirmed by the Fifth District Court of Appeals. For this reason, entry of a stay pending the resolution of Plaintiff's appeal is proper.

**IV.   Conclusion and Order**

It does not appear any damage or hardship may be suffered from the entry of a stay. On the other hand, it would be inefficient allow the case to proceed when litigation of an underlying issue may be precluded under the doctrine of collateral estoppel. Thus, the orderly course of justice will be promoted by a stay pending the final judgment of Plaintiff's state court action against the CDCR.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants' motion to stay (Doc. 56) is **GRANTED**;
2. The matter is **STAYED**; and
3. The parties **SHALL** file a status report within 10 days of the decision of the Fifth District Court of Appeals issuing an opinion in *Bryant v. The Superior Court of Kern County*, Case No. F065849.

IT IS SO ORDERED.

Dated:   **May 3, 2013**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE