1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   KEVIN BRYANT,                              ) Case No.: 1:12-cv-01377 - LJO - JLT
                                                )
12            Plaintiff,                         ) ORDER GRANTING DEFENDANTS' MOTION
                                                ) TO STAY
13        v.                                     )
                                                ) (Doc. 56)
14   APOTEX, INC., et al.,                       )
                                                )
15            Defendants.                        )
                                                )
16

17        Defendants Apotex, Inc.; Actavis Elizabeth, LLC; Teva Pharmaceuticals USA; American

18   Health Packaging; Mylan Pharmaceuticals, Inc.; Mylan Institutional, Inc.; and Major Pharmaceuticals,

19   Inc. (collectively, "Defendants") seek a stay of the action, pending the resolution of Plaintiff's appeal in

20   a separate state court action.  (Doc. 56).  Plaintiff Kevin Bryant ("Plaintiff"), who is proceeding *pro se*,

21   filed his opposition to the motion on April 22, 2013 (Doc. 62), to which Defendants replied on April

22   23, 2013.  (Doc. 63).   For the following reasons, Defendants' motion for a stay is **GRANTED**.

23   **I.      Factual and Procedural Background**

24        Plaintiff initiated an action in Kern County Superior Court against the California Department of

25   Corrections and Rehabilitation ("CDCR") and several of its employees on December 22, 2010.[1]  (Doc.

26

27        [1] The Court may take notice of facts that are capable of accurate and ready determination  by resort to sources
     whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
28   (9th Cir. 1993).  Court records are sources whose accuracy cannot reasonably be questioned. *Mullis v. United States Bank.
     Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978),

                                                 1

56-1 at 1).  Plaintiff alleged "medical and professional negligence, deliberate indifference to his serious

medical needs and fraud" for administering Gabapentin and Tramadol in crushed form, which Plaintiff

argued caused severe pain, esophagus damage and internal bleeding.  (Doc. 56-3).  The defendants filed

a motion for summary judgment, which was granted on August 6, 2012.  (Doc. 56-7).  The court found

the defendants demonstrated there was "no triable issue of fact on the issues of negligence, causation of

injury or intentional tortious behavior towards Plaintiff."  *Id.* at 2.  Plaintiff appealed the entry of

summary judgment in *Bryant v. The Superior Court of Kern County,* Case No. f065849, which is

currently pending before the Fifth District Court of Appeal.

On May 9, 2012, Plaintiff initiated this action by filing a complaint against Defendants in Kern

County Superior Court.  (Doc. 1, Exh. A).  Plaintiff asserts Defendants, which manufacture and

distribute prescription drugs, are liable for general negligence, intentional tort, products liability, and

fraud for failure to warn about the dangers of administering gabapentin and tramadol in crushed form.

(Doc. 1 at 2, 14).  On August 21, 2012, Actavis Elizabeth LLC filed a Notice of Removal, asserting the

Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  (Doc. 1).  Plaintiff filed a

motion to remand the action to Kern County Superior Court (Doc. 19), which was denied by the Court

on November 27, 2012.  (Doc. 35).

Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure on November 28, 2012.  (Doc. 39).  The Court granted the motion in part and

denied it in part on January 30, 2013.[2]  (Doc. 54).  Notably, in opposing this motion, Plaintiff clarified

that the gist of his complaint was not that Defendants failed to warn that gabapentin and tramadol could

not be crushed but, instead, that Defendants specifically gave prison officials permission to crush the

medications and float them in water when administering them to inmates.  (Doc. 54 at 3-4)  Plaintiff

claimed this permission was given despite its clear contradiction to label warnings which preclude this

manner of administration.  *Id*.  Moreover, Plaintiff claims that having been administered the drugs that

---

*aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).  Accordingly, judicial notice is taken of the documents filed in Kern County Superior Court, Case No. S-1500-CV-272692.

[2] The Court determined Plaintiff was unable to proceed on his claim for fraud, but all other causes of action remain.  *Id.* Though given leave to amend the fraud claim, Plaintiff has failed to do so. *Id*. at 9.

1    were "crushed and floated," caused him physical injury.  (Doc. 1 at 16, 17 ["But for these defendants

2    administering these two drugs to Me this contraindicative way stated above I would not have suffered

3    these damages and injuries resulting therefrom, as there was no other possible cause therefor."])

4    **II.     Legal Standards**

5         The Supreme Court explained the "power to stay proceedings is incidental to the power inherent

6    in every court to control the disposition of the causes on its docket with economy of time and effort for

7    itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).

8    For reasons of "wise judicial administration," a district court may stay a federal action based on "the

9    presence of a concurrent state proceeding."  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460

10   U.S. 1, 15 (1983) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818

11   (1976)).

12        To evaluate whether to stay an action, the Court must the weigh competing interests that will be

13   affected by the grant or refusal to grant a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

14   Among these competing interests are: (1) the possible damage which may result from the granting of a

15   stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the

16   orderly course of justice measured in terms of simplifying or complicating of issues, proof, and

17   questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55)).

18        The party seeking a stay "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S.

19   681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair

20   possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make

21   out a clear case of hardship or inequity."  *Landis*, 299 U.S. at 255.  The decision whether to grant or

22   deny a stay is committed to the discretion of the Court.  *Dependable Highway Express, Inc. v.*

23   *Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

24   **III.    Discussion and Analysis**

25        Defendants argue "a stay of proceedings is appropriate pending the resolution of Plaintiff's

26   appeal of the summary judgment entered against him the CDCR Case."  (Doc. 56-1 at 4).  Defendants

27   note Plaintiff alleged the CDCR's policy "of administering gabapentin and tramadol in crushed form

28   caused Plaintiff to suffer injuries, including internal bleeding and hemorrhaging to the esophagus."  *Id.*

1    at 5-6 (emphasis omitted).  Defendants assert "the causation issue decided in the CDCR Case is

2    identical to that presented in this action, because Plaintiff asserts that "as the end result of the

3    Pharmaceutical Defendants' alleged negligent conduct, prison officials administered tramadol and

4    gabapentin in crushed form, thereby causing him to suffer injuries, including internal bleeding and

5    hemorrhaging to the esophagus.  *Id.* at 6 (emphasis omitted).  Because the state court determined

6    Plaintiff failed to demonstrate causation of his injuries, Defendants assert "the collateral estoppel

7    doctrine will preclude Plaintiff's assertion on the essential element of causation" if the appeal is denied

8    by the Fifth District Court of Appeal.  *Id.* at 4.

9            On the other hand, Plaintiff asserts his appeal "has no bearing on issues and litigation of this

10   case."  (Doc. 62 at 2).  Plaintiff contends "the issues in the prior case were not litigated and decided and

11   the Superior Court gave no statement or opinion why summary judgment was granted."  *Id.*  Further,

12   Plaintiff argues the issues in this Court "are not identical to the issues" in the state court action.  *Id.*

13   Consequently, Plaintiff asserts: "No stay of these proceedings is warranted in this case, and no matter

14   what happens in that other case these defendants cannot satisfy each of the elements of California's

15   Collateral Estoppel Doctrine."  *Id.* at 3.

16           The doctrine of collateral estoppel, also known as issue preclusion, "bar[s] relitigation of an

17   issue decided in a previous proceeding."  *Portugal v. Western World Ins.*, 2012 U.S. Dist. LEXIS

18   119172, 2012 WL 3647850, *4 (E.D. Cal. Aug. 22, 2012).  The doctrine is applicable "if (1) the issue

19   necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;

20   (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom

21   collateral estoppel is asserted was a party or in privity with a party at the prior proceeding."  *Id.*

22   (quoting *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App.4th 82, 90 (2006). However, the

23   granting of summary judgment is not final and not entitled to "preclusive effect until appeals [are]

24   exhausted."  *In re Lumbermans Mortgage Co. v. Secured Inv. of Marysville, Ltd.,* 712 F.2d 1334, 1335

25   (9th Cir. 1983) (citing *People ex. rel. Gow v. Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d 296,

26   306 (1980).  Accordingly, until the Fifth District Court of Appeals issues a ruling on Plaintiff's appeal,

27   there is no final decision for purposes of collateral estoppel.

28           The Ninth Circuit has determined a court may "find it efficient for its own docket and the fairest

4

1  course for the parties to enter a stay of an action before it, pending resolution of independent

2  proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708

3  F.2d 1458, 1465 (9th Cir. 1983).  Further, a stay may proper where the independent proceeding is likely

4  "to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay

5  is requested.  *Lockyer v. State. of Cal.*, 398 F.3d 1098, 1113 (9th Cir. 2005).  In the state court action,

6  the trial court determined Plaintiff failed to counter the defendants' evidence that the administration of

7  gabapentin and tramadol in crushed form did not cause Plaintiff's injuries.  (Doc. 56-7 at 2).  Thus, the

8  trial court determined there was no triable issue of fact.  *Id.*

9           Though Plaintiff argues Defendants here must demonstrate they were in privity with the

10  defendants in the state court action in order to receive the benefits of the preclusive effect of collateral

11  estoppel, Plaintiff is mistaken.  (Doc.  62 at 2)  Instead, because Defendants seek to assert collateral

12  estoppel against him, they must show only that he was the same party in the state court action—which,

13  of course, he was—or that he was in privity with the parties in the state court action.  Defendants need

14  not be in privity with the parties in the state court action.  Moreover, the fact that Defendants have

15  pleaded an affirmative defense in their answers that someone else caused Plaintiff's injuries, does not

16  admit that Plaintiff was injured or that the drugs caused the injury.[3]  Such a pleading merely preserves

17  Defendants' ability to take this position if they discover evidence to support this defense.

18           Finally, Plaintiff ignores that if his appeal is determined adversely to him—and this Court

19  expresses no opinion whether this will occur—he will be precluded from asserting the drugs caused his

20  injury.  This is a crucial point because in this event, no matter who administered the drugs, how or why,

21  Plaintiff's case will fail because causation is an element of each of the alleged claims.  Thus, even in

22  the face of willful wrongdoing by the defendants, Plaintiff would not be able to succeed in this

23  litigation.[4]

24           Therefore, the proceedings of the state court action against the CDCR may dictate the decision

25

26  _____

27  [3] Despite Plaintiff's contention Defendants admitted the injury was caused by administering the medication in crushed form, the Court does not find that any of the answers admit this.  *See* Doc. 67.

28  [4] Moreover, even if this court disagreed with the state court's findings, it has no authority to review the wisdom of these determinations.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485 (1983).

5

of this Court, because the issue of causation may not be re-litigated in this Court if the summary judgment is affirmed by the Fifth District Court of Appeals.  For this reason, entry of a stay pending the resolution of Plaintiff's appeal is proper.

**IV.     Conclusion and Order**

It does not appear any damage or hardship may be suffered from the entry of a stay.  On the other hand, it would be inefficient allow the case to proceed when litigation of an underlying issue may be precluded under the doctrine of collateral estoppel.  Thus, the orderly course of justice will be promoted by a stay pending the final judgment of Plaintiff's state court action against the CDCR.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     Defendants' motion to stay (Doc. 56) is **GRANTED**;

2.     The matter is **STAYED**; and

3.     The parties **SHALL** file a status report within 10 days of the decision of the Fifth District Court of Appeals issuing an opinion in *Bryant v. The Superior Court of Kern County*, Case No. F065849.

IT IS SO ORDERED.

Dated:   **May 3, 2013**                             **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE