**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN BRYANT,<br><br>             Plaintiff,<br><br>      v.<br><br>APOTEX, INC., et al.,<br><br>             Defendants. | Case No.: 1:12-cv-01377 - LJO - JLT<br><br>ORDER REQUIRING FILING OF STATUS REPORTS |

    On May 3, 2013, the Court granted Defendants Apotex, Inc.; Actavis Elizabeth, LLC; Teva Pharmaceuticals USA; American Health Packaging; Mylan Pharmaceuticals, Inc.; Mylan Institutional, Inc.; and Major Pharmaceuticals, Inc. request to stay the action.  (Doc. 68)

    In this lawsuit, Plaintiff claims he suffered injuries when dispensed gabapentin and tramadol in crushed form while incarcerated.  He asserts that Defendants, who manufacture and distribute prescription drugs, are liable for general negligence, intentional tort, products liability, and fraud for granting permission to prisons to administer gabapentin and tramadol in crushed form.  (Doc. 1 at 2, 14; Doc. 54 at 3-4)  Plaintiff claimed this permission was given despite its clear contradiction to label warnings which preclude this manner of administration. (Doc. 54 at 3-4)

    Notably, Plaintiff had filed a similar lawsuit in state court against the California Department of

Corrections and Rehabilitation claiming the same injuries he presents in this litigation.[1] (Doc. 56-1 at 1). In that action Plaintiff alleged "medical and professional negligence, deliberate indifference to his serious medical needs and fraud" for administering Gabapentin and Tramadol in crushed form, which Plaintiff argued caused severe pain, esophagus damage and internal bleeding. (Doc. 56-3). The defendants motion for summary judgment was granted on August 6, 2012. (Doc. 56-7). The court found the defendants demonstrated there was "no triable issue of fact on the issues of negligence, causation of injury or intentional tortious behavior towards Plaintiff." Id. at 2. Plaintiff sought review in the Fifth District Court of Appeal in Bryant v. The Superior Court of Kern County, Case No. F065849.

In its order staying the action, the Court ordered the parties to file a status report within 10 days of the decision of the Fifth District Court of Appeals issuing an opinion in Bryant v. The Superior Court of Kern County, Case No. F065849. However, review of the docket of the Fifth District Court of Appeal makes it appear that this matter was completed many months ago, yet no status report was filed. Therefore, the Court **ORDERS**:

1. Within 10 days, the parties **SHALL** file a status report detailing the current posture and/or outcome of any appellate action taken to challenge the Kern County Superior Court's order determining that the manner in which the prescription medications were presented to Plaintiff did not cause the damages alleged;

2. The status report **SHALL** address also whether the stay should be lifted.

IT IS SO ORDERED.

Dated: **January 2, 2014**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Court records are sources whose accuracy cannot reasonably be questioned. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Accordingly, judicial notice is taken of the documents filed in Kern County Superior Court, Case No. S-1500-CV-272692.