# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN D. BRYANT,** | **1:12-cv-1377-LJO-JLT** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 86), MOTION FOR EXTENSION OF TIME (Doc. 88), AND OBJECTIONS (Doc. 92)** |
| **v.** | |
| **APOTEX, INC., et al.,** | |
| **Defendants.** | |

Plaintiff Kevin D. Bryant ("Plaintiff"), who is currently housed in the California Men's Colony in San Luis Obispo, California, and is proceeding *pro se*, brings this products liability suit against Defendants[1], various manufacturers and distributors of generic gabapentin and tramadol, in which he claims he suffered various injuries due to ingesting generic gabapentin and tramadol in crushed form while he was incarcerated at Kern Valley State Prison ("KVSP") in Kern County, California. *See* Doc. 1, Complaint ("Compl."), at ¶¶ 7-10. Plaintiff brings a claim for fraud and four products liability claims on theories of strict liability, negligence, breach of express warranty, breach of implied warranty. *See id.* at 20-25. The thrust of Plaintiff's suit is that Defendants are liable for the injuries he allegedly suffered as a result of ingesting gabapentin and tramadol in crushed form.

On February 13, 2015, Defendants moved for judgment on Plaintiff's pleadings under Fed. R. Civ. P. 12(c). Doc. 78. Defendants asserted that Plaintiff's fraud claim is barred because this Court previously dismissed the claim with leave to amend, but Plaintiff failed to file an amended complaint

---

[1] Defendants are Apotex, Inc., American Health Packaging, Actavis Elizabeth LLC, Major Pharmaceuticals, Inc., Mylan Institutional, Inc., Mylan Pharmaceuticals, Inc., and Teva Pharmaceuticals USA (collectively, "Defendants").

1  pursuant to the Court's order. *See id.*; *see also* Doc. 54 at 9 ("Plaintiff may file an amended complaint by

2  no later than February 19, 2013."). Defendants also asserted they are entitled to judgment on Plaintiff's

3  products liability claims, which are premised on Plaintiff's allegation that he suffered injuries due to

4  ingesting gabapentin and tramadol in crushed form, because a California state trial court already found

5  that Plaintiff did not suffer any injuries due to ingesting either gabapentin or tramadol in crushed form,

6  and that decision was upheld on appeal to the California Court of Appeal. *See id.* at 5; *see also Bryant v.*

7  *Harrington*, 2014 WL 5392967, at *1 (Cal. Ct. App. Oct. 23, 2014) ("the CDCR case").

8     Plaintiff requested a 45-day extension of time to oppose Defendants' motion. Doc. 80. The Court

9  afforded Plaintiff until March 22, 2015 (ten days) to oppose the motion. Doc. 82. Plaintiff did not

10  comply with that deadline. *See* Doc. 83 at 2.

11     On April 2, 2015, the Court issued a Memorandum Decision and Order granting Defendants'

12  motion ("the MJOP Order"). Doc. 84. Briefly summarized, the Court found that, as a matter of law, the

13  CDCR case has preclusive effect here and its factual findings bar Plaintiff's products liability claims in

14  this case.[2] *See* Doc. 84 at 9-10. Specifically, the Court noted that "the Court of Appeal [in the CDCR

15  case] affirmed the trial court's finding that Plaintiff's ingesting gabapentin and tramadol in crushed form

16  did not cause him any injuries," and "[t]hat finding is entitled to preclusive effect here." *Id.* at 9. The

17  Court found that "to succeed on any of his remaining products liability claims, Plaintiff must establish

18  that his alleged injuries . . . were caused by his ingesting gabapentin or tramadol in crushed form." *Id.* at

19  9-10. The Court therefore held that Plaintiff "cannot succeed on his products liability claims pursuant to

20  the CDCR case's findings" as a matter of law because they are barred under the doctrine of collateral

21  estoppel. *Id.*

22     Approximately one hour after the MJOP Order issued, Plaintiff's motion for reconsideration of

23  the Court's ten-day extension (filed on April 1, 2015) was docketed and received in chambers. *See* Doc.

---

[2] In addition, the Court dismissed without leave to amend Plaintiff's fraud claim because the Court dismissed that claim on January 30, 2013, and granted Plaintiff until February 9, 2013 to amend the claim, but Plaintiff never did so. *Id.* at 4 n.4.

1   86. In his motion for reconsideration, Plaintiff stated, among other things, that he could not oppose

2   Defendants' motion effectively because he did not have access to his legal materials. *Id.* at 2.

3       On April 6, 2015, the Court directed Plaintiff "to explain in writing in seven days . . . with

4   specificity exactly he has thus far been unable to respond to" Defendants' motion. Doc. 87. Plaintiff

5   timely complied with that order and explained, among other things, that he could not oppose

6   Defendants' motion because he did not have the motion. Doc. 89 at 2. In addition, Plaintiff filed a

7   motion for an extension of time in which he requested that the Court order "the warden of California

8   State Prison – Corcoran to transport all [his] legal and personal property . . . to him at California Men's

9   Colony," and grant him "30 days after [his] legal property is issued to [him] to file any oppositions,

10  responses or moving papers." Doc. 88 at 1.

11      Accordingly, on April 22, 2015, the Court directed Defendants to serve their motion on Plaintiff

12  and afforded Plaintiff two weeks from service of the motion to file an opposition, which the Court would

13  treat as a motion for reconsideration of the MJOP Order. Doc. 90. Defendants served their motion on

14  Plaintiff on April 22, 2015, Doc. 91 at 1, which gave Plaintiff until May 6, 2015 to file an opposition to

15  the motion.

16      On May 7, 2015, Plaintiff filed objections to the Court's April 22, 2015 Order. Doc. 92 at 1.

17  Among other things, Plaintiff explained that he has been unable to file an opposition because he still

18  does not have all of his "legal property," and has not had sufficient time to "do the research to file an

19  effective opposition." *Id.* To date, Plaintiff has not filed an opposition to Defendants' motion.

20      The MJOP Order was served on Plaintiff on April 2, 2015. As to Plaintiff's fraud claim, the

21  MJOP Order explained that the claim previously was dismissed with leave to amend and that Plaintiff

22  was given until February 19, 2013 to file an amended fraud claim. MJOP Order at 4 n.4. Because

23  Plaintiff failed to do so, the MJOP Order granted Defendants' motion to dismiss the fraud claim without

24  leave to amend. *Id.* Plaintiff has not even attempted to argue that his recent move to the California

25  Men's Colony and/or his alleged lack of access to his legal materials had any bearing on his failure to

3

1    file an amended complaint by February 19, 2013, nor how access to his entire legal file would help him

2    explain or overcome this failure.

3          As to Plaintiff's products liability claims, the MJOP Order also discussed the Court of Appeal's

4    decision in the CDCR case, which contains all of the relevant information about the CDCR case. As

5    explained in the MJOP Order, the Court finds that Defendants' motion (and thus this case) can be

6    resolved with reference to only that decision. In other words, Defendants' motion presents a question of

7    law that can be answered by reference to the Court of Appeal's decision in the CDCR case.

8          A copy of the CDCR case was attached to Defendant's Request for Judicial Notice (Doc. 79-5),

9    which Defendants re-served on Plaintiff on April 22, 2015. *See* Doc. 91 at 1. Plaintiff therefore has been

10   on notice of the basis for the MJOP Order since early April 2015 and has had in his possession the

11   documents on which that order is based for several weeks. Plaintiff could have used this time to research

12   and compose a substantive opposition/motion for reconsideration based on the materials in his

13   possession—materials that are sufficient to frame an opposition—but he failed to do so. Moreover, the

14   Court cannot fathom how Plaintiff could frame a successful opposition/motion for reconsideration of the

15   MJOP Order's reasoning with regard to his products liability claims given the Court of Appeal's explicit

16   holding in the CDCR case that there is no triable issue of fact on the issue of whether Plaintiff's

17   ingesting his medications in crushed form caused his alleged injuries. *See Bryant*, 2014 WL 5392967, at

18   *8; *People v. Santamaria*, 8 Cal. 4th 903, 930 (1994) (holding that "when an issue of ultimate fact has

19   once been determined by a valid and final judgment, that issue cannot again be litigated between the

20   same parties in any future lawsuit"); *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990) (holding that

21   for collateral estoppel to apply, "the party against whom preclusion is sought must be the same as . . . the

22   party to the former proceeding"). The Court's conclusion that Plaintiff's products liability claims are

23   barred by collateral estoppel was a straightforward application of that doctrine based on judicially

24   noticeable documents that Plaintiff possesses. Accordingly, the Court will not grant Plaintiff additional

25   time to file an opposition to Defendants' motion.

1       For the foregoing reasons, and for the reasons more thoroughly outlined in the MJOP Order, the

2  Court:

3       1. DENIES Plaintiff's motion for reconsideration (Doc. 86);

4       2. DENIES Plaintiff's motion for an extension of time and the additional requests contained
therein (Doc. 88); and

5

6       3. OVERRULES Plaintiff's objections and DENIES the requests contained therein (Doc. 92).
IT IS SO ORDERED.

7   Dated:   __May 13, 2015__           ____/s/ Lawrence J. O'Neill____
                                               UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25